## Fagan v. Fagan.

*Karl E. Richards*, for libellant; *William S. Middleton*, for respondent.

HARGEST, P. J., Dec. 31, 1929.—The libellant in this case seeks a divorce on the ground that the respondent was sentenced to undergo imprisonment in the Pennsylvania Industrial Reformatory at Huntingdon on the charge of larceny.

Whether a sentence to a reform institution is ground for divorce in this state has not, so far as we can find, been heretofore decided. The Act of May 1, 1909, P. L. 374, provides that a conviction and sentence by a competent court upon the charge of larceny and other heinous crimes mentioned therein, "to imprisonment for any term exceeding two years," shall be ground for divorce. The sentence for larceny, under section 103 of the Act of March 31, 1860, P. L. 382, is a fine not exceeding $900 and imprisonment not exceeding three years.

Section 6 of the Act of April 28, 1887, P. L. 63, relating to the Huntingdon Reformatory, provides:

"Every setence to the reformatory, of a person hereafter convicted of a felony or other crime, shall be a general sentence . . . and the courts of this Commonwealth imposing such sentence shall not fix or limit the duration thereof. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the Board of Managers of the reformatory, as authorized by this act; but such imprisonment shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted and sentenced."

The precise question is whether an indeterminate sentence for larceny to the Huntingdon Reformatory is a sentence to imprisonment for a term exceeding two years and, therefore, ground for a divorce.

In the case of Miller v. Miller, 30 Dauphin Co. Reps. 177, after examining the authorites of this and other states, we held that an indeterminate sentence of not less than eighteen, nor more than thirty-six, months to the penitentiary was ground for divorce under the Act of 1909. We are of the opinion that the reasoning of that case applies to this. A defendant may be kept during the period of three years by the Board of Managers of the reformatory. He may be discharged but put under parole for the balance of the maximum sentence and arrested for any breach of the parole during the period between the minimum and maximum term, just as in the case of an indeterminate sentence to a penitentiary.

Our investigation has disclosed two cases in other states in which it is held that an indeterminate sentence to a reformatory is not ground for divorce: Unsoeld v. Unsoeld (Mass.), 104 N. E. Repr. 462; Dion v. Dion (Minn.), 100 N. W. Repr. 4.

To authorize a divorce under the laws of Massachusetts, the person sentenced was required to be "committed at hard labor . . . for five years or more in a state prison, jail or house of correction." In the first case above cited the court held that the reformatory was neither a "state prison," "jail" or "house of correction," and sentence to the reformatory was not a sentence to "commitment at hard labor," and, therefore, not within the grounds for divorce.

In the second case (Dion v. Dion), the laws of Minnesota made a sentence "to imprisonment in the state prison" ground for divorce and the court held that the state reformatory was not a prison, and, therefore, the sentence to the reformatory was not sufficient grounds. Neither of these cases apply to the facts of the case before us.

For these reasons we adopt the findings of fact and conclusions of law of the master and will sign a decree on the application of counsel and payment of costs.

From Homer L. Kreider, Harrisburg, Pa.